UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WATERFALL VICTORIA MASTER FUND LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-0173-B |
| CLIFFORD C. AVERY and ROSSIA L. AVERY, | § § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Summary Judgment. Doc. 16. For the following reasons, the Court **DENIES** Plaintiff's Motion.

I.

BACKGROUND

This is a foreclosure case. The parties agree on the basic facts. *See* Doc. 19-1, Defs.' Resp. Br. to Pl.'s Mot. Summ. J. 3 [hereinafter Defs.' Br.]. In April 1999, Defendants executed an Adjustable Rate Note with The Mortgage Company of Michigan to obtain a home equity loan. *Id.*; *see also* Doc. 16-1, Pl.'s Br. Supp. Pl.'s Mot. Summ. J. 2 [hereinafter Pl.'s Br.]. To secure the Note, Defendants executed a Texas Home Equity Security Instrument that put up some of Defendants' property as collateral. *See* Doc. 16-1, Pl.'s Br. 3.

Under the Note's terms, The Mortgage Company of Michigan loaned Defendants $71,250.00. *Id.* at 2. Defendants were to make monthly payments on the Note's principal and interest until the full balance was paid. *Id.* To that end, the Note included an acceleration clause that

provided that if Defendants defaulted on their payments, then the Note's holder could mature the Note, at which point its entire balance would be due. *Id.*

Plaintiff maintains that Defendants are in default because they stopped paying down the Note in September 2010 and have not made a payment since. *Id.* at 3. In December 2015, Plaintiff sent Defendants notice through its mortgage servicer that it would accelerate the Note if Defendants did not pay off their delinquent installments within 30 days. *Id.* at 3. They did not. *Id.* So Plaintiff accelerated the Note and, to protect its interest in the property, paid ad valorem property taxes and insurance premiums. *Id.* at 3–4.

Plaintiff then filed its Complaint (Doc. 1) in January 2016. There, Plaintiff asserts four claims to recover on the Note and Security Instrument and for its expenditures to protect the property: (1) judicial foreclosure of the contract lien in place on Defendants' property by virtue of the Security Instrument that Defendants signed; (2) equitable subrogation for Plaintiff's payment of ad valorem taxes and insurance premiums; (3) judicial foreclosure of an equitable lien in place on Defendants' property by virtue of Plaintiff's payment of ad valorem taxes and insurance premiums; and (4) attorneys' fees. Doc. 1, Pl.'s Compl. ¶¶ 15–25. Plaintiff then moved for summary judgment on all four claims. Doc. 16, Pl.'s Mot. Summ. J. Defendants responded but Plaintiff did not reply. *See* Doc. 19, Defs.' Resp. Pl.'s Mot. Summ. J. Thus, Plaintiff's Motion for Summary Judgment (Doc. 16) is ripe for the Court's review.

## II.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A dispute "is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." *Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007). And a fact "is 'material' if its resolution could affect the outcome of the action." *Id.*

The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). Usually, this requires the movant to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). But if the non-movant ultimately bears the burden of proof at trial, the movant may satisfy its burden just by pointing to the absence of evidence supporting the non-movant's case. *Id.* at 322–23.

If the movant meets that burden, then it falls to the non-movant to "show with significant probative evidence that there exists a genuine issue of material fact." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (internal quotation marks omitted) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). And significant probative evidence is just that: significant. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). "[M]etaphysical doubt as to material facts," "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla of evidence" will not do. *Id.* (internal citations and quotation marks omitted). Rather, "the non-movant must go beyond the pleadings and present specific facts indicating a genuine issue for trial." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (citing *Celotex*, 477 U.S. at 324).

To be sure, the court views evidence in the light most favorable to the non-movant when

determining whether a genuine issue exists. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). Yet it need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). Simply put, the non-movant must "identify specific evidence in the record" and "articulate the precise manner in which that evidence supports [its] claim." *Id.* If it cannot, then the court must grant summary judgment. *Little*, 37 F.3d at 1076.

## III.

## ANALYSIS

Defendants sound a one note response to all of Plaintiff's claims:[1] Plaintiff neither owns nor holds the Note or Security Interest that Defendants executed with the Mortgage Company of Michigan, so it has no right to enforce them. *See* Doc. 19-1, Defs.' Br. 3. Defendants extend that argument to Plaintiff's equitable subrogation claim—if Plaintiff had no right to the property, then its tax and insurance premium payments were voluntary and do not entitle it to relief. *Id.* at 7. And if Plaintiff's other claims fail, Defendants conclude, then it cannot recover attorneys' fees. *Id.* The Court finds this line of reasoning persuasive.

As referenced, Plaintiff did not reply to Defendants' argument. But Plaintiff does claim that it is the Note's holder in its Motion. *See* Doc. 16-1, Pl.'s Br. 2. The Court's charge, then, is to determine whether Defendants have raised a genuine issue as to who holds the Note and Security Agreement.

---

[1]Defendants also dispute the amount in which they are in default. *See* Doc. 19-1, Defs.' Br. 6–7. That distinction, however, is one of degree and, as explained below, does not impact the Court's analysis.

Texas law is clear that, generally speaking, "[w]here a debt is 'secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations.'" *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (quoting *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus Christi 2002, pet. denied). Put another way, a party seeking to foreclose through a security instrument such as a deed of trust need not "additionally prove ownership of the note" that it secures. *Morlock, L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 519 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). For that reason, Plaintiff would normally satisfy its burden by proving its ownership of the Security Agreement. *See id.*

Here, however, Plaintiff advances an equally accepted but different tenet of Texas law: the lien follows the note. *See* Doc. 16-1, Pl.'s Br. 2 n.1. That is, "[w]hen a mortgage note is transferred, the mortgage or deed of trust is also automatically transferred to the note holder by virtue of the common-law rule that 'the mortgage follows the note.'" *Campbell v. Mortg. Elec. Reg. Sys., Inc.*, No. 03-11-0049-cv, 2012 WL 1839357, at *4 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.) (quoting *J.W.D., Inc. v. Fed. Ins. Co.*, 806 S.W.2d 327, 329–30 (Tex. App.—Austin 1991, no writ)); Tex. Bus. & Com. Code § 9.203(g); *see also EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538–40 (Tex. App.—Houston [14th Dist.] 2016, no pet.). In other words, while notes and liens are separate obligations most often with separate proofs of ownership, here they are bound together because Plaintiff claims that it holds the Security Interest because it holds the Note.

"'To recover for a debt due and owing under a promissory note, a party must [first] establish that it is the legal holder of an existing note.'" *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 958 (Tex. App.—Dallas 2013, no pet.) (quoting *Austin v. Countrywide Homes Loans*, 261 S.W.3d 68, 72 (Tex. App.—Houston [1st Dist.] 2008, pet. denied)). The same goes for equitable subrogation in

this context. *See Murray v. Cadle Co.*, 257 S.W.3d 291, 299–300 (Tex. App.—Dallas 2008, pet denied) (emphasis added) (internal citations omitted) (explaining that equitable subrogation is unavailable to a "volunteer" "who has paid the debt of another, without any assignment or agreement for subrogation, without being under any legal obligation to make payment, and *without being compelled to do so for the preservation of any rights or property of his own.*").

Defendants executed the Note and Security Interest with The Mortgage Company of Michigan. Doc. 16-1, Pl.'s Br. 2. Neither mentions Plaintiff. *See* Doc. 16-2, Pl.'s App. Supp. Mot. Summ. J. 5, 12 [hereinafter Pl.'s App.]. So Plaintiff must prove how it came to hold Note because "'[a] person not identified in a note who is seeking to enforce it as the owner or holder must prove the transfer by which he acquired the note.'" *Bittinger v. Wells Fargo Bank NA*, No. H-10-1745, 2011 WL 5415664, at *8 (S.D. Tex. Nov. 8, 2011) (quoting *Leavings v. Mills*, 175 S.W.3d 301, 309 (Tex. App.—Houston [1st Dist.] 2004, no pet.)).[2] Put another way, Plaintiff must show "the [N]ote's 'chain of title.'" *Puig v. Citibank, N.A.*, 514 F. App'x 483, 485 (5th Cir. 2013) (quoting *Leavings*, 175 S.W.3d at 309–10).

Plaintiff purports to do just that in its briefing. The Mortgage Company of Michigan, Plaintiff says, assigned its interest to NationsCredit Financial Services Corporation. Doc. 16-1, Pl.'s Br. 3. NationsCredit, Plaintiff continues, then indorsed the Note in blank, thus rendering it bearer paper. *Id.* Plaintiff now possesses the Note and so, Plaintiff concludes, it is the Note's holder. *Id.* To support

---

[2]The Court recognizes that *Leavings* has been criticized by the Fifth Circuit on different grounds for applying the "split-the-note" theory that says a party must hold a note to execute a lien. *See Martins*, 722 F.3d at 254. That case, though, dealt with a lienholder's ability to foreclose when it was not also the noteholder. *See id.* at 254–56. Thus, it is inapposite here because Plaintiff asserts the exact opposite theory. *See* Doc. 16-1, Pl.'s Br. 2; *cf. id.*

its position, Plaintiff provides a single page: an Allonge purportedly indorsed in blank by NationsCredit's senior vice president.[3] *See* Doc. 16-2, Pl.'s App. 9.

Defendants' Response tells a more complicated, if not altogether different, story. *See* Doc. 19-1, Defs.' Br. 3–6. For starters, it appears that NationsCredit jumped the gun in assigning its interest. *Id.* at 3. The Mortgage Company of Michigan assigned its interest to NationsCredit in May 2000, but NationsCredit assigned its interest to another entity that Plaintiff fails to mention in December 1999, some five months before it had a claim to either the Note or Security Interest. *See id.*; Doc. 19-2, Defs.' App. Supp. Defs.' Resp. 2–4 [hereinafter Defs.' App.]. Defendants go on to describe a series of assignments and transfers—some of which purport to backdate the effective date by a matter of years—that Plaintiff either omits or glosses over. *See* Doc. 19-1, Defs.' Br. 3–6. And while Plaintiff supports its position with a single page, Defendants provide a well-documented trail to support theirs. *See* Doc. 19-2, Defs.' App. 2–26. Absent from the chain of title that Defendants present is NationsCredit's blank indorsement or any other indication that the Note is bearer paper payable to Plaintiff by virtue of possession alone. *Id.*; *see Henning*, 405 S.W.3d at 958. Viewed as a whole, the Court concludes that the record as it stands today presents an unexplained gap in the chain of title.

To be sure, Plaintiff could have explained that gap or otherwise shown the Note's chain of title in a reply. *See Puig*, 514 F. App'x at 485. Yet it chose not to despite bearing the burden of proof. *See Latimer*, 919 F.2d at 303. On that basis, the Court concludes that there is an issue of material fact

---

[3]To be clear, Plaintiff provides more than one page of evidence. *See* Doc. 16-2, Pl.'s App. 1–38. And it cites to more than one page to support its claim that it owns and holds the note. *See* Doc. 16-1, Pl.'s Br. 2 (citing *id.* at 3, 26–27). But that all hinges on Plaintiff's underlying claim that NationsCredit indorsed the Note in blank—a claim that Plaintiff supports with the Allonge alone. Doc. 16-1, Pl.'s Br. 3 (citing Doc. 16-2, Pl.'s App. 9).

as to whether Plaintiff holds the Note and, by extension, the Security Interest. *See, e.g.*, *Leavings*, 175 S.W.3d at 309) ("An issue of material fact on the issue of ownership of a note is presented when there is an unexplained gap in the chain of title."). And as explained above, Plaintiff must own or hold some obligation on Defendants' property to prove its claims. Thus, the Court **DENIES** Plaintiff's Motion for Summary Judgment.

## IV.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Summary Judgment.

**SO ORDERED.**

**SIGNED: February 6, 2017**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE